IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERNEST F. PLATT, # 128625, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:19-cv5-WHA |
| | ) [WO] |
| JEFFERSON S. DUNN, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus filed on December 28, 2018, by Ernest F. Platt ("Platt"), a state inmate at the Fountain Correctional Center in Atmore, Alabama. Doc. # 1. Platt styles his petition as one for relief under 28 U.S.C. § 2241. *Id*. at 1. Under an order of this court, however, Platt's petition has been construed and docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Doc. # 2. Platt is incarcerated under a conviction for first-degree rape entered by the Circuit Court of Mobile County in 1981. The trial court sentenced Platt to life in prison, but Platt maintains he was later resentenced to 30 years in prison pursuant to § 13A-5-9.1, Ala. Code 1975.[1]

---

[1] Section 13A-5-9.1 provides for the reduction of some sentences imposed under Alabama's Habitual Felony Offender Act if certain requirements are met and, where appropriate, is applied retroactively according to *Kirby v. State*, 899 So. 2d 968 (Ala. 2004).

*See* Doc. # 1 at 2. In his petition, which is no model of clarity, Platt claims his sentence has expired and that he is entitled to be released from prison. *Id*. at 2–3. Platt also argues, somewhat inconsistent with his claim that his sentence has expired, that the Alabama Board of Pardons and Paroles ("Board") is improperly applying state laws enacted after his sentencing to deny him parole, effectively rendering his sentence to one of life without parole. *Id*. Platt maintains that the laws in effect when he was sentenced are the ones that control his eligibility for parole and that the Board should immediately grant him a parole hearing. *Id.* at 4. For the reasons that follow, the Magistrate Judge finds that Platt's § 2254 petition should be transferred to the United States District Court for the Southern District of Alabama.

## II. DISCUSSION

**A. Platt's Filing Is Properly Treated as a 28 U.S.C. § 2254 Petition.**

Platt is in custody under a sentence imposed for his first-degree rape conviction by the Mobile County Circuit Court. Therefore, the appropriate vehicle for him to challenge the validity of his incarceration and the Board's decision denying him parole is a petition for writ of habeas corpus under 28 U.S.C. § 2254.

> [T]he language of § 2254, which covers <u>state</u> prisoners, is broad and applies to all "person[s] in custody pursuant to the judgment of a State court." 28 U.S.C. § 22554(a). Because § 2254 is sufficiently expansive to address both validity [of custody] challenges and manner [of execution] challenges, state prisoners need not resort to § 2241 to bring [either type of] challenge . . . ; § 2254 petitions accomplish this task. As the Second Circuit has stated:

2

> A claim [under Section 2254] that [a state prisoner] is "in custody" in violation of federal laws is broader than a claim that the imposition of one's sentence is illegal. A federal due process challenge claiming state incarceration beyond that authorized by a judgment and sentence would fall within this broader category of claims. The plain language of the pertinent statutes indicates, therefore, that a federal prisoner may challenge the imposition, but not the execution, of a sentence under Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254.

*James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). This conclusion, that § 2254 is the proper vehicle to challenge a state prisoner's [custody], is congruent with Supreme Court precedent. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) [ ] ("[A]uthority to grant habeas relief to state prisoners is limited

> Indeed, each circuit court to consider this issue has concluded that § 2254 is the sole vehicle available to state prisoners challenging either the validity or execution of their state [confinement]. *See Cook [v. New York State Division of Parole]*, 321 F.3d [274,] at 278 [(2d Cir. 2003)] (petition challenging denial of state parole); *Coady [v. Vaughn]*, 251 F.3d [480,] at 484–85 [(3d Cir. 2001)] (same); *Crouch v. Norris*, 251 F.3d 720, 722–23 (8th Cir. 2001) (petition questioning constitutionality of denial of state parole). . . . These cases hold that "[a] state prisoner . . . not only may, but according to the terms of section 2254 must, bring a challenge to [the validity of his incarceration] . . . under section 2254." *Cook*, 321 F.3d at 278. We believe this to be a proper statement of the avenues of habeas relief available to state prisoners seeking federal review of their state court [custody, conviction, or] sentence[.]

*Malloy v. Riley, et al.*, Civil Action No. 4:02-79-IPJ (N.D. Ala. 2003), 82 F. App'x 222 (Aug. 26, 2003) (table), Doc. 23 at 6–8; *see Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005) (Where state prisoner appeared to challenge the propriety of his conviction and sentence as well as the parole board's retroactive application of a

3

policy allegedly requiring him to serve ninety percent of his punishment, the "exclusive remedy for [state prisoner's] claim is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254 since his claim challenges the propriety of his conviction and sentence, as well as the execution of his sentence[.]"). Platt's petition is properly treated as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

**B.  This Court Lacks Jurisdiction to Rule on Platt's § 2254 Petition.**

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, petitions for writ of habeas corpus under 28 U.S.C. § 2254 may be filed either in the federal district court for the district of the state court of conviction and sentencing or the federal district court in the district of incarceration in that state. Although § 2241(d) has implications on venue, it primarily governs jurisdiction, as it states that "each of such district courts shall have concurrent *jurisdiction* to entertain the application." 28 U.S.C. § 2241(d) (emphasis added). *See Zenteno v. Gipson*, 2014 WL 1795175, at *1–2 (C.D. Cal. 2014); *Reyes v. Singer*, 2010 WL 680355, at *5 (N.D. Fla. 2010).

Platt was convicted of first-degree rape in the Circuit Court of Mobile County, and that court imposed the sentence he is serving. Mobile County is located within the federal judicial district of the United States District Court for the Southern District of Alabama. Platt is incarcerated at the the Fountain Correctional Center, in Atmore, Alabama, which is in Escambia County, Alabama. Escambia County is located within the federal judicial district of the United States District Court for the Southern District of Alabama. Thus, under 28 U.S.C. § 2241(d), the United States District Court for the Southern District of Alabama has jurisdiction to entertain Platt's § 2254 petition. Although Platt's petition includes a claim contesting an administrative decision by the Board denying Platt parole, and the Board is located in Montgomery, Alabama, within the federal judicial district of the United States District Court for the Middle District of Alabama, this court does not have jurisdiction to entertain Platt's petition—because the Board is not a "State court" as mentioned in § 2241(d) and the Board did not "convict and sentence" Platt as provided in § 2241(d). *See Carmona v. Andrews*, 357 F.3d 535, 538–39 (5th Cir. 2004). *See also Mann v. Crabtree*, 2018 WL 1354795, at *2 (M.D. Ala. 2018), report and recommendation adopted, 2018 WL 1352169 (M.D. Ala. 2018) (following *Carmona*); *Conners v. Alabama Bd. of Pardons & Paroles*, 2017 WL 5634160, at *3 (M.D. Ala. 2017), report and recommendation adopted, 2017 WL 5633260 (M.D. Ala. 2017) (same).

### C.     Platt's § 2254 Petition Should Be Transferred.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Platt is proceeding *pro se* and he seeks habeas corpus relief, this court finds it would be in the interest of justice to transfer this case to the United States District Court for the Southern District of Alabama under § 1631.[2]

### III.     CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 5, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the

---

[2] In recommending the transfer of Platt's petition, this court expresses no opinion on the merits of his claims.

Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 22nd day of January, 2019.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE