**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ERNEST FRANKLIN PLATT,       :
AIS 128625,

                          :

       Petitioner,

                          :

vs.                             CA 19-0080-CG-MU

                          :

MARY COOKS,

                          :

       Respondent.


## <u>REPORT AND RECOMMENDATION</u>

Ernest Franklin Platt, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), on Platt's petition (Doc. 7), the answer of Respondent with attachments (Doc. 12), and the Petitioner's

---

[1]      In transferring this action to this Court, the Middle District of Alabama explained why Platt's present petition is properly treated as a petition for writ of habeas corpus in accordance with 28 U.S.C. § 2254. *Platt v. Dunn,* 2019 WL 846065, *1-2 (M.D. Ala. Jan. 22, 2019), *report and recommendation adopted,* 2019 WL 846050 (M.D. Ala. Feb. 21, 2019); *see also id.* at *1 ("Platt is in custody under a sentence imposed for his first-degree rape conviction by the Mobile County Circuit Court. Therefore, the appropriate vehicle for him to challenge the validity of his incarceration and the Board's decision denying him parole is a petition for writ of habeas corpus under 28 U.S.C. § 2254.").

(Continued)

opposition to Respondent's answer (Doc. 14).[2] The state procedural history and the facts of this case are a bit unconventional.[3]

## PROCEDURAL AND FACTUAL BACKGROUND

In 1981, Petitioner Ernest Franklin Platt was convicted of first-degree rape and sentenced to life imprisonment. (*Compare* Doc. 12, Exhibit A, MEMORANDUM, at 1 *with id.,* Exhibit E, at 2 (case action summary sheet reflects that Platt was convicted and sentenced on April 22, 1981)).[4] Platt's conviction and sentence were affirmed on direct appeal in an unpublished memorandum opinion issued on October 6, 1981. *Platt v. State,* 416 So.2d 1118 (Ala.Crim.App. 1981) (table).

Petitioner did not collaterally attack his conviction and sentence until roughly

---

[2]     The undersigned also construes Petitioner's opposition as his response to this Court's June 5, 2019 Order (*see* Doc. 13) because Petitioner specifically avers in his opposition to the answer that the document filed by Respondent (that is, the answer) is "false" as reflected by Respondent's attachment "1," which he states shows that he timely appealed to the Alabama Supreme Court (*see* Doc. 14, at 1).

[3]     No evidentiary hearing is necessary in this case because the record contains sufficient facts upon which the issue(s) under consideration may be properly resolved. *Compare Means v. Secretary, Dep't of Corrections,* 433 Fed.Appx. 852, 855 (11th Cir. July 12, 2011) ("[W]here 'the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'") (citation omitted)), *cert. denied,* 565 U.S. 1217, 132 S.Ct. 1580, 182 L.Ed.2d 198 (2012) *with Allen v. Secretary, Florida Dep't of Corrections,* 611 F.3d 740, 745 (11th Cir. 2010) ("A district court is not required to hold an evidentiary hearing if the claims 'are merely conclusory allegations unsupported by specifics,' . . . or 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]'"), *cert. denied,* 563 U.S. 976, 131 S.Ct. 2898, 179 L.Ed.2d 1192 (2011).

[4]     At the time of his conviction, first-degree rape was (and remains to this day) a Class A felony. *See* Ala.Code. § 13A-6-61(b). And, upon conviction of a Class A felony, a Defendant, like Platt, was subject to imprisonment for life. *See* Ala.Code § 13A-5-6(a)(1).

(Continued)

2

eighteen (18) years later, on August 9, 1999. (Doc. 12, Exhibit A, MEMORANDUM, at 1).[5] The Alabama Court of Criminal Appeals affirmed the trial court's summary dismissal of Platt's Rule 32 petition on the basis that all claims asserted were time-barred under Ala.R.Crim.P. 32.2(c) and, as well, noted that Platt's second, third and fourth claims were procedurally barred by Ala.R.Crim.P. 32.2(a)(3) & (5). (*See id.* at 1-2.) Platt's request for rehearing was denied by the Alabama Court of Criminal Appeals, *see Platt v. State,* 805 So.2d 791 (Ala.Crim.App. 2000), and on March 22, 2000, the Alabama Supreme Court struck Platt's petition for writ of certiorari due to his failure to comply with Rule 39 of the Alabama Rules of Appellate Procedure (Doc. 12, Exhibit B).

Platt was deemed to have filed a second Rule 32 petition on June 14, 2012. (Doc. 12, Exhibit C, MEMORANDUM, at 1).[6] On March 15, 2013, the Alabama Court of Criminal Appeals affirmed the trial court's summary dismissal of Platt's second Rule 32 petition, specifically finding that summary dismissal was warranted on the basis that his collateral petition was time-barred. (*See id.* at 4-6.) Because Platt did not seek rehearing in the Alabama Court of Criminal Appeals (or petition the Alabama Supreme Court for writ of certiorari), Alabama's criminal appellate court issued its certificate of final judgment of

---

[5]     "In his petition, Platt contends (1) that his trial and appellate counsel were ineffective; (2) that his jury was unlawfully empaneled because, he says, no alternate was selected; (3) that the trial court erroneously instructed the jury on reasonable doubt; (4) that the trial court erroneously allowed a juror who was related to one of the State's witnesses to remain on the jury; and (5) that, as newly discovered evidence, his trial counsel should have argued to the jury that his wife committed the crime." (*Id.*)

[6]     "Platt raised . . . the following claims: (1) that the circuit court's jury instructions were improper; (2) that his trial and appellate counsel were ineffective, which, he said, was 'constructive [] denial of counsel'; and (3) that the circuit court erred 'for not having the transcript available within 30 days for trial counsel to perserve [sic] issues that are only viable through the vehicle of direct appeal.'" (*Id.* at 2.)

affirmance on April 3, 2013. (Doc. 12, Exhibit D.)

Petitioner filed his third Rule 32 petition in the Circuit Court of Mobile County, Alabama on March 26, 2017, alleging "he is being held in custody after his sentence has expired." (Doc. 12, Exhibit F, MEMORANDUM, at 2). More specifically, Platt argued in his third Rule 32 petition that he was "released" from his life sentence on June 25, 2009, when the Mobile County Circuit Court granted his request for sentence modification and imposed a 30-year sentence, and that based on operation of Alabama's Good Time statute that 30-year sentence expired on June 25, 2009 (the very date it was entered). (*See* Doc. 12, Exhibit E, at 20 & 28-31). Petitioner went on to argue that thirty days after the sentence modification on June 25, 2009, that is, on or about July 25, 2009, because the Circuit Court took no further action and the State did not appeal, the trial court lost jurisdiction and, therefore, could not take the action it took on July 27, 2009 in setting aside the order entered on June 25, 2009, or, on August 23, 2010, when it denied his request for relief, that is, sentence modification. (*See id.* at 28-35 & 40-47.) The trial court summarily dismissed Platt's third Rule 32 petition under Ala.R.Crim.P. 32.7(d) on June 7, 2017. (*See id.* at 48-50).

> The Petitioner seeks relief under Rule 32 alleging that he is being held in custody after his sentence has expired. On April 22, 1981, the Petitioner was sentenced to life in prison. On August 29, 2007, the Petitioner filed a motion to modify his sentence based on Ex parte Kirby, 899 So.2d 968 (Ala. 2009) and Sections 13A-5-9 and 13A-5-9.1 Code of Alabama 1975.
>
> On June 25, 2009, the court entered an order purporting to grant the Petitioner's motion to modify his sentence. *See* State's Exhibit 1. On July 27, 2009, on its own motion, the court rescinded and withdrew its order of June 25, 2009, and the matter was taken under submission. *See* State's Exhibit 2. On August 23, 2010, the court entered an order denying the

Petitioner's request for relief. *See* State's Exhibit 3. The court noted that the Petitioner was convicted of a Class A felony and therefore the court lacked jurisdiction to modify the sentence pursuant to <u>Ex parte Kirby</u>, 899 So.2d 968 (Ala. 2009) and Sections 13A-5-9 and 13A-5-9.1 Code of Alabama 1975. As the Petitioner was not granted the relief he originally sought, his claim is refuted by the record. He has failed to raise a material issue of law or fact that would entitle him to relief. This claim is due to be dismissed pursuant to Ala.R.Crim.P. 32.7(d).

To the extent that the Petitioner claims his sentence expired on June 25, 2009, upon the court granting his motion to modify his sentence, this claim is without merit. As stated above, the court lacked jurisdiction to grant the relief sought by the Petitioner. The court's July 27, 2009, order notwithstanding, the court's June 25, 2009, order was null and void when issued due to a lack of jurisdiction. The Petitioner has failed to raise a material issue of law or fact that would entitle him to relief. This claim is due to be dismissed pursuant to Ala.R.Cim.P. 32.7(d).

The Petitioner's claims are also precluded. "The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner." Ala.R.Crim.P. 32.2(b). The court addressed these claims in the Petitioner's previous Rule 32. *See* State's Exhibit 4.

His claims are also precluded because this petition was filed beyond the limitations period. Ala.R.Crim.P. 32.2(c).

(Doc. 12, Exhibit E, June 7, 2017 ORDER).

By memorandum opinion issued on October 6, 2017, the Alabama Court of Criminal Appeals affirmed the judgment of the trial court summarily dismissing Platt's third Rule 32 petition without an evidentiary hearing. (*See* Doc. 12, Exhibit F).

On appeal, Platt argues that the circuit court "took jurisdiction" over his case and, as a result, was not allowed to rescind its order resentencing him to 30 years' imprisonment 30 days after that judgment was entered. According to Platt, this 30-year prison sentence has now expired and he is currently being held illegally in the Fountain Correctional Center.

The State argues that, because this claim was raised in Platt's second Rule 32 petition and adjudicated on its merits by the circuit court at that time, Platt's petition is successive.

.    .    .

> On appeal, Platt, in essence, reiterates the claim he raised in his Rule 32 petition. This claim was previously raised in Platt's second Rule 32 petition and was adjudicated on the merits by the circuit court in the denial of that petition. Under Rule 32.2(b), Ala.R.Crim.P., "[t]he Court shall not grant relief on a successive petition on the same or similar grounds on behalf of a successive petition." Additionally, this claim is time-barred pursuant to Rule 32.2(c), Ala.R.Crim.P., because it was filed well-beyond the limitations period. For these reasons, the circuit court did not err when it denied Platt's claim.

(*Id.* at 3 & 4). Again, because Platt did not seek rehearing in the Alabama Court of Criminal Appeals (or petition the Alabama Supreme Court for writ of certiorari), Alabama's criminal appellate court issued a final judgment of affirmance on October 25, 2017. (Doc. 12, Exhibit G).

Thereafter, apparently sometime in late 2017, Platt filed a petition for writ of habeas corpus in the Alabama Court of Criminal Appeals. (*See* Doc. 12, Exhibit H). By Order dated May 16, 2018, Presiding Judge Mary Becker Windom dismissed this petition. (*Id.*).

> Ernest Franklin Platt filed this petition for a writ of habeas corpus requesting that this Court order that Platt be released from the custody of the Alabama Department of Corrections because, he alleges, his sentence has expired. In 198[1] Platt was convicted of first-degree rape and sentenced to life in prison. In 2007 Platt filed a motion to reconsider his sentence pursuant to § 13A-5-9.1, Ala.Code 1975. On June 25, 2009, the trial court entered an order purporting to grant that motion and to sentence Platt to 30 years in prison. On July 27, 2009, the trial court entered an order setting aside the June 25, 2009, order, and on August 23, 2010, the trial court entered an order denying the relief requested by Platt. Platt argues that the trial court did not have jurisdiction to set aside its June 25, 2009, order because more than 30 days had elapsed since it had been entered. Accordingly, Platt argues that the 30-year sentence stands and has now expired.

> Rule 32.3, Ala.R.Crim.P., states: "A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction

or sentence shall be treated as a proceeding under this rule." One of the grounds enumerated for relief under Rule 32.1, Ala.R.Crim.P., is "[t]he petitioner is being held in custody after the petitioner's sentence has expired." Accordingly, this is in substance a Rule 32 petition for postconviction relief. Rule 32.5, Ala.R.Crim.P., provides that a petition for postconviction relief must be filed and decided by the court in which the petitioner was convicted. Accordingly, this petition is due to be, and is hereby, **DISMISSED**.[7]

(*Id.*).

Platt filed a petition seeking federal habeas corpus relief in the Middle District of Alabama Court on December 28, 2018. *See Platt v. Dunn, supra,* at *1. By Order dated February 21, 2019, Platt's habeas corpus case was transferred to this Court. (*See* Doc. 4). Platt was ordered to file his habeas corpus complaint (as well as a new IFP motion) on this Court's forms (*see* Doc. 6) and Petitioner complied with the Court's directions on March 14, 2019 (*see* Docs. 7-8). Platt's principal assertion is that his 30-year sentence purportedly imposed in 2009 has expired by operation of Alabama law and he is being held illegally after expiration of that 30-year sentence (*see* Doc. 7, at 11). *See Platt v. Dunn, supra,* at *1 ("Platt is incarcerated under a conviction for first-degree rape entered by the Circuit Court of Mobile County in 1981. The trial court sentenced Platt to life in prison, but Platt maintains he was later sentenced to 30 years in prison pursuant to § 13A-5-9.1, Ala.Code 1975. . . . In his petition, which is no model of clarity, Platt claims his sentence has expired and that he is entitled to be released from prison.").[8] In addition, as

---

[7]     "This Court notes that Platt raised this exact same argument in his third Rule 32 petition for postconviction relief. This Court affirmed the trial court's summary dismissal of that petition in an unpublished memorandum issued on October 6, 2017." (*Id.*, n. 1 (citation omitted)).

[8]     By way of explanation, Platt contends that after the trial court entered an order resentencing him to 30 years imprisonment, 30 days elapsed with no action by the court or an (Continued)

noted by the Middle District of Alabama, in this attachment (*see* Doc. 7, at 10-11), Platt "also argues, somewhat inconsistent with his claim that his sentence has expired, that the Alabama Board of Pardons and Paroles [] is improperly applying state laws enacted after his sentencing to deny him parole, effectively rendering his sentence to one of life without parole." *Platt v. Dunn, supra,* at *1 (citation omitted).

In the answer, the respondent read Petitioner's complaint to raise but one claim, namely that he is being held in prison after the expiration of his 30-year sentence (*see* Doc. 12, at 4), and even after the undersigned advised Petitioner in the order dated June 5, 2019 that the Respondent read his complaint in this manner (*see* Doc. 13, at 1-2), the Petitioner nowhere in his opposition argues that the Respondent (or the undersigned, for that matter) improperly read his complaint to be raising but the one claim set forth above (*see* Doc. 14). In the answer, the Respondent contends that this Court should reject Platt's claim because: (1) it suffers a procedural default due because Platt failed to exhaust the claim in the state courts of Alabama (Doc. 14, at 4-6); and (2) this claim was adjudicated on the merits in 2017, the AEDPA imposes a highly deferential standard for evaluating state rulings (demanding that state decisions be given the benefit of the doubt), and "[t]he federal courts hold no supervisory power over state courts and may act to correct only wrongs of a constitutional dimension[]" (*id.* at 4 (citations omitted)). Less than two weeks after the filing of the answer, the Court extended to Platt the opportunity to respond, in

---

appeal by the State and, therefore, the trial court "lost jurisdiction to change the sentence of 30 years." (Doc. 7, at 10; *see also id.* ("The Circuit Court[] and State of Alabama never within the 30 day period complied with Alabama laws to legally withdraw and[/]or to change the sentence back to Life.")).

particular, to the Respondent's procedural default defense (*see* Doc. 13). On July 15,

2019, Platt filed a sworn oath and legal facts in opposition to the Respondent's answer

and a demand that this Court rule in accordance with the Constitution (Doc. 14) which

includes language as follows:

> Comes now Earnest F. Platt and swears under the penalty of perjury that Respondents answer and submission are false. Platt filed to the highest court, Alabama Supreme Court, and a copy of the face of the records are submitted attachment # "1". Platt says under the Constitution of the United States that he is entitled to his freedom, and the Constitution says that Platt is free:

> 1.      Alabama Supreme Court rulings are govern[ed] under the United States Supreme Court. The United States Supreme Court says that under finalization of a Court's ruling <u>Supreme Court Rules Rule 18. Appeal from a United States District Court</u>, that finalization takes place after the appeal process begins. Under Alabama law Platt timely filed the appeal, and was timely submitted to th[e] highest court, Alabama Supreme Court, and was denied. Respondents answer is false and Platt provides proof.

> 2.      The cases submitted and asked to be reviewed do not apply to Platt's rights.

> 3.      The United States Constitution creates and demands under the 14th Amendment[,] coupled with the 6th Amendment[,] a "right" to seek freedom pursuant to 28 USC Sec. 2254.

> 4.      Platt was granted his freedom by a Circuit Court Judge, and Alabama Supreme Court law is the law of Alabama. (see)

972 So.2d 821 (2007)

# Ex parte Lacy Ray BUTLER.
## (In re Lacy Ray Butler
## v.
## State of Alabama).

1051636.

**Supreme Court of Alabama.**

March 16, 2007.

Alabama law is clear that after the expiration of 30 days the judgment is final. Once the Circuit Court Judge of Mobile took jurisdiction, and the State of Alabama did not oppose, and the records are clear the Circuit Court Judge granted Platt's motion and entered a written order for Platt's sentence to be 30 years. This order became final after the expiration of 30 days and the State did not contest nor any appeal was done. The facts before this Court are true Platt exhausted his highest State Court remedies, and is not under any preclusionary (sic) rule.

Platt seeks this Court to follow the United States Constitution in all aspects of the rights created by Congress. Platt is held illegally in Alabama Prison and is entitled to his freedom pursuant to Alabama Supreme Court law, and that law is equally protected. I pray that this Court will enter it[]s order.

(*Id.* at 1-2 (emphasis in original)).[9]

## CONCLUSIONS OF LAW

A.  **Standard of Review for § 2254 Petitions under AEDPA.** The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and is applicable to this case because the "actions" about which Platt complains occurred after 1996. *See Lindh v. Murphy,* 521 U.S. 320, 326-27, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). The habeas corpus statute makes explicit that " a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only** on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). Because a state prisoner necessarily must allege that he

---

[9]  Given the contents of Petitioner's "opposition," it is clear that he intended this pleading to be a response both to the Respondent's Answer (Doc. 12) and to this Court's June 5, 2019 Order (Doc. 13).

is in custody in violation of the Constitution or laws or treaties of the United States in order to be entitled to relief under § 2254, it has been a longstanding corollary that "'[a] state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Curry v. Culliver,* 141 Fed.Appx. 832, 834 (11th Cir. July 15, 2005), quoting *Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir. 1983).

Additionally, under AEDPA, a petitioner is entitled to habeas corpus relief "on any claim adjudicated on the merits in state court if that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" *Cox v. McNeil,* 638 F.3d 1356, 1360 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)), *cert. denied sub nom. Cox v. Tucker,* 565 U.S. 906, 132 S.Ct. 309, 181 L.Ed.2d 189 (2011), or "'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Mansfield v. Secretary, Dep't of Corrections,* 679 F.3d 1301, 1306 (11th Cir. 2012) (quoting 28 U.S.C. § 2254(d)(2)), *cert. denied,* 568 U.S. 1098, 133 S.Ct. 861, 184 L.Ed.2d 675 (2013); *see also Jones v. Secretary, Dep't of Corrections,* 644 F.3d 1206, 1209 (11th Cir.) ("[U]nder AEDPA, a federal court may not grant habeas relief on a claim that has been considered and rejected by a state court unless it is shown that the state court's decision was 'contrary to' federal law then clearly established in the holdings of the United States Supreme Court, 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); or that it 'involved an unreasonable application' of such law, § 2254(d)(1); or that it was 'based on an unreasonable

determination of the facts' in the light of the record before the court, § 2254(d)(2)."[10]), *cert.*

*denied,* 565 U.S. 1041, 132 S.Ct. 590, 181 L.Ed.2d 433 (2011).

> "A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Court's." *Windom v. Sec'y, Dep't of Corr.,* 578 F.3d 1227, 1247 (11th Cir. 2009) . . . . A state court decision involves an unreasonable application of federal law when "it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putnam v. Head,* 268 F.3d 1223, 1241 (11th Cir. 2001) . . . . The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

*Spencer v. Secretary, Dep't of Corrections,* 609 F.3d 1170, 1177-1178 (11th Cir. 2010),

*cert. denied,* 562 U.S. 1203, 131 S.Ct. 1049, 178 L.Ed.2d 869 (2011); *see also Williams*

---

[10]     As amended, § 2254 now provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2).

(Continued)

*v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000) ("Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.").[11]

**B.** **Exhaustion of State Remedies and the Procedural Default Doctrine.** A threshold issue in a federal habeas corpus case brought by a state prisoner is whether the petitioner has properly raised the federal constitutional claim in the state courts, thereby exhausting all available state court remedies. 28 U.S.C. § 2254(b). The origins of

---

[11]     The Respondent argues in the answer that Petitioner's claim was adjudicated on the merits in state court in 2017 and this Court should let that merits decision stand (*see* Doc. 12, at 4 (specifically arguing a merits decision was made in 2017)). And while this Court certainly hopes that at some point the Mobile County Circuit Court directly addressed the merits of Platt's claim, it has no ready means to make the determination that this issue was decided on the merits in state court in 2017, certainly, because other than one cryptic reference by the Alabama Court of Criminal Appeals that this issue was addressed on the merits by the Mobile County Circuit Court in ***2012***, not 2017 (*see* Doc. 12, Exhibit F, at 2 n.2 & 4 (noting that the claim was raised in Platt's second Rule 32 and adjudicated on the merits by the circuit court and also recognizing that the second Rule 32 petition was filed by Platt on June 14, 2012 and summarily dismissed by the trial court on September 16, 2012)), the Respondent did not supply this Court with the entirety of state court proceedings related to Petitioner's second Rule 32 petition to determine whether a merits decision was reached at that time. Needless to say, the Respondent is incorrect in suggesting that a merits decision was reached on this issue in 2017. Therefore, given the state of the record, this Court has no ability to perform the analysis contemplated in 28 U.S.C. § 2254(d). However, a merits review of the identified issue in accordance with § 2254(d) is unnecessary in this case because this Court is precluded from reaching the merits of Petitioner's claim that he is being held in prison in Alabama beyond the expiration of his sentence.

(Continued)

the exhaustion requirement are found in principles of comity, "which protect the state court[]s['] role in the enforcement of federal law and prevent disruption of state court proceedings." *Jackson v. Estes,* 2015 WL 5117717, *8 (N.D. Ala. Aug. 28, 2015), citing *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).[12]

> In order to exhaust his state remedies, a state prisoner who seeks federal habeas corpus relief must present the same claim to the state court that he presents to the federal court. *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Thus, in order to exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court,[13] either on direct appeal or on collateral

---

[12]     The Supreme Court has long held

> that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. (citations omitted) This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the opportunity to address and correct alleged violations of state prisoners' federal rights.
>
> .     .     .
>
> [A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer "available" to him.  (citations omitted) In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Coleman v. Thompson,* 501 U.S. 722, 731 & 732, 111 S.Ct. 2546, 2554-2555 & 2555, 115 L.Ed.2d 640 (1991).

[13]     And, of course, therefore, "[c]laims which have never been presented to a state court . . . are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules." *Sanchez v. Hetzel,* 2014 WL 1491178, *2 (M.D. Ala. Apr. 15, 2014) (citations omitted).

(Continued)

review.[14] *See Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) (quotation marks and citation omitted). In addition, the state court petition must make the state courts aware that the claims asserted do, in fact, raise federal constitutional claims. *See Snowden v. Singletary,* 135 F.3d 732, 735 (11th Cir. 1998).

> "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999). More precisely, "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* 845, 119 S.Ct. at 1732; *see also Kelley v. Secretary for Dep't of Corrs.,* 377 F.3d 1317, 1344 (11th Cir. 2004) ("The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim.'"). If a petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established.

*Id.* (footnotes added and footnote omitted). In other words, when a petitioner has procedurally defaulted a claim by failing to exhaust state court remedies that are no longer available, *see O'Sullivan, supra,* 526 U.S. at 848-49, 119 S.Ct. at 1734, a federal court is barred from reaching the merits of that claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

---

[14]     Indeed, "[t]o challenge a conviction issued by an Alabama state court, a petitioner must assert the [federal] claim on direct appeal or in a Rule 32 proceeding, appeal any adverse ruling, seek rehearing in the Alabama Court of Criminal Appeals, and file a petition for writ of certiorari in the Alabama Supreme Court." *Shapley v. Thomas,* 2014 WL 4470700, *4 (N.D. Ala. Sept. 4, 2014) (citations omitted); *see Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]n order to exhaust state remedies as to a federal constitutional issue a petitioner is required to file a petition for discretionary review in the state's highest court raising that issue, if discretionary review is part of the appellate procedure in the state, [*O'Sullivan v. Boerckel,* 526 U.S.] at 845-47, 119 S.Ct. at 1732-34."), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002).

demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565. The cause and prejudice standard applies "uniformly to all independent and adequate state procedural defaults." *Id.* at 750-751, 111 S.Ct. at 2565.

> In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. In addition, constitutionally [i]neffective assistance of counsel is cause. Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show actual prejudice resulting from the errors of which he complains.

> Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice.

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (internal quotation marks and citations omitted).

**C.** **Analysis of Platt's Expiration of Sentence Claim Raised in His § 2254 Petition**. As reflected above, the sole ground arguably raised by Platt in his § 2254 petition is that he is being held in prison after the expiration of his sentence by operation of Alabama law because after the Mobile County Circuit Court resentenced him to a 30-year term of imprisonment on June 25, 2009, in accordance with § 13A-5-9.1 and *Kirby v. State,* 899 So.2d 968 (Ala. 2004), it lost jurisdiction thirty (30) days later, on July 25, 2009, and, therefore, could not take the action it did on July 27, 2009 in setting aside its

June 25, 2009 order nor, later, on August 23, 2010, when it denied his request for relief, *see Ex parte Butler,* 972 So.2d 821, 824-25 & 825 (Ala. 2007) ("Although the September 2 order was entered more than 30 days after the July 13 order, the Court of Criminal Appeals held that the September 2 order was valid because 'the July 13, 2005, order was void for lack of jurisdiction. Accordingly, the [trial] court retained jurisdiction to substitute its September 2, 2005, legal order.' *Butler,* 972 So.2d at 821. According to the Court of Criminal Appeals, the July 13 order was void because 'the circuit court . . . exceeded its discretion in initially granting Butler's motion for reconsideration.' *Butler,* 972 So.2d at 821. Butler petitioned this Court for certiorari review, arguing that the Court of Criminal Appeals' decision conflicts with its prior decisions in *Loggins v. State,* 910 So.2d 146, 148 (Ala.Crim.App. 2005) ('It is well settled that a circuit court generally retains jurisdiction to modify a judgment for only 30 days after the judgment is entered.'); and *Ex parte Bishop,* 883 So.2d 262, 264 (Ala.Crim.App. 2003) ('We can find no case that holds that a timely filed motion to reconsider, filed at the end of a criminal case, extends the jurisdiction of the lower court beyond 30 days.'). Relying upon these prior decisions, Butler argues that the trial court was without jurisdiction to enter its September 2, 2005, order denying his motion for sentence reconsideration and reinstating the original sentences. We agree with Butler; thus, we reverse the judgment of the Court of Criminal Appeals. . . . Faced with this Court's decision in *Kirby,* the State concedes, as it must, that 'the [trial court] possessed subject-matter jurisdiction to adjudicate Butler's *Kirby* motion under Section

13A-5-9.1.'[15] [] Necessarily include within the trial court's power was 'the authority under the statute to determine whether a defendant is a nonviolent offender.' *Kirby,* 899 So.2d at 974. Consequently, the trial court had subject-matter jurisdiction to enter its July 13 order regardless of any alleged error in its decision. Thus, the Court of Criminal Appeals erred in holding that the July 13 order was void for lack of jurisdiction. Consequently, the premise for the Court of Appeals' holding that the trial court retained jurisdiction to enter its September 2, 2005, order fails as a matter of law." (footnote added)).[16]

---

[15]     The undersigned simply notes, as an interesting aside, that it is unclear from any of the information supplied in this case (by Petitioner or by the Respondent) whether the Mobile County Circuit Court possessed subject-matter jurisdiction in 2009 to adjudicate Platt's *Kirby* motion under § 13A-5-9.1. The undersigned's confusion stems from the fact that none of the records (particularly, the court decisions) conclusively establish that Platt was sentenced to life imprisonment under Alabama's Habitual Felony Offender Act ("HFOA"), Ala.Code § 13A-5-9, as opposed to being sentenced to life by virtue of his commission of the Class A felony of first-degree rape, *compare* Ala.Code. § 13A-6-61(b) (first-degree rape is a Class A felony) *with* Ala.Code § 13A-5-6(a)(1) (upon conviction of a Class A felony, a Defendant is subject to imprisonment for life). And it makes a difference whether Platt was sentenced under Alabama's HFOA because, as recognized in *Platt v. Dunn, supra,* "Section 13A-5-9.1 provides for the reduction of ***some sentences imposed under Alabama's Habitual Felony Offender Act*** if certain requirements are met and, where appropriate, is applied retroactively according to *Kirby v. State,* 899 So.2d 968 (Ala. 2004)." *Platt v. Dunn, supra,* at *1 n.1; *see also Kirby v. State,* 899 So.2d 968, 971 (Ala. 2004) (in the course of finding that the trial court possessed jurisdiction to hear a motion filed pursuant to § 13A-5-9.1, the Alabama Supreme Court observed the following: "The plain language of § 13A-5-9.1 does not require that an inmate have a case pending before the circuit court in order for the inmate to file a motion for reconsideration of his or her sentence, nor does it require that the inmate invoke a particular rule of criminal procedure. Rather, § 13A-5-9.1 provides that an inmate may ask the sentencing or the presiding judge for relief from a previous sentence ***imposed pursuant to the HFOA*** and provides that the court is to consider the evaluation of the DOC in considering the inmate's motion. Section 13A-5-9.1 clearly confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of § 13A-5-9 retroactively to 'nonviolent convicted offender[s]' and by providing the procedure by which the provisions of the statute are to be applied."). Indeed, if Platt was not sentenced under Alabama's HFOA it is unclear to this Court how the Mobile County Circuit Court could have exercised subject-matter jurisdiction, in the first instance, on June 25, 2009, to purportedly resentence the Defendant to a term of thirty-years' imprisonment.

[16]     The undersigned finds that Platt **ABANDONED** any claim arguably raised in his habeas corpus complaint related to a purported denial of parole by the Alabama Board of Pardons (Continued)

Initially, the undersigned need recognize that Petitioner's claim that the Mobile County Circuit Court initially had jurisdiction to re-sentence him (to thirty years) on June 25, 2009, in accordance with *Kirby, supra*, and Ala.Code § 13A-5-9.1, but lost jurisdiction some 30 days later under Alabama law (on July 25, 2009) and could not set aside its June 25 order on July 27, 2009 (or deny his request for relief, that is, a sentence modification, on August 23, 2010)[17] obviously involves "quintessential state law matters this Court cannot review in a federal collateral proceeding." *Jones v. Secretary, Dep't of Corrections,* 2014 WL 505093, *6 (N.D. Fla. Feb. 7, 2014); *see also Bryant v. Secretary, Florida Dep't of Corrections,* 2018 WL 3245015, *5 (N.D. Fla. May 7, 2018) ("A state court's jurisdiction over an individual is an issue of state law."), *report and*

---

and Paroles (*see* Doc. 7, at 9-11) by failing to correct the Respondent's assertion in the answer that the sole claim raised by Platt was that he remains in prison following the expiration of his (2009) 30-year "re-sentence" (*see* Doc. 12) when he filed his opposition to the answer (*see* Doc. 14). Nevertheless, to the extent Platt means to "press" this claim, the undersigned finds that Petitioner has not stated a viable habeas claim inasmuch as he does not identify a specific date on which he was denied parole (*see* Doc. 7, at 9-11), much less set forth a detailed procedural history outlining the manner in which (and where) he challenged that specific denial of parole (*see generally* Doc. 7). And since "[a]n inmate's challenge of the *specific* denial of parole seeks to reduce confinement and therefore constitutes a habeas claim[,]" *Gwin v. Snow,* 870 F.2d 616, 624 (11th Cir. 1989), which requires the exhaustion of state remedies, *compare id.* at 625 *with Conners v. Alabama Bd. of Pardons and Paroles,* 2019 WL 3798247, *1 & *2 (N.D. Ala. May 6, 2019) (recognizing that in 2015 the Middle District of Alabama dismissed without prejudice a federal habeas corpus petition attacking a specific denial of parole—the denial occurring on June 4, 2014--for failure to exhaust state remedies, prompting the Petitioner to file a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama challenging the 2014 parole denial; appeal the denial of the petition to the Alabama Court of Criminal Appeals; and then petition the Alabama Supreme Court for certiorari, following the appellate court's affirmance of the Montgomery County Circuit Court's denial of the petition), *report and recommendation adopted,* 2019 WL 3779938 (N.D. Ala. Aug. 12, 2019), as aforesaid, this Court cannot grant Platt any federal habeas corpus relief with respect to a vague and merely purported denial of parole for which Petitioner cannot supply a date much less supply allegations that even begin to suggest that he has exhausted his state remedies.

17    Based on the foregoing reasoning, Petitioner claims that he is being illegally held in prison after the expiration of his "30-year" sentence.

*recommendation adopted,* 2018 WL 3244088 (N.D. Fla. July 3, 2018); *Estrada v. Secretary, Dep't of Corrections,* 2012 WL 1231990, *1 (M.D. Fla. Apr. 12, 2012) ("A state court's jurisdiction to enter a judgment and sentence a defendant is a matter of state law that is not cognizable on federal collateral review."); *see Rivera v. Secretary, Dep't of Corrections,* 737 Fed.Appx. 946, 955-56 (11th Cir. June 12, 2018) ("The issues of whether Rivera's reclassification was justified under Florida Statutes § 775.087(1), or whether he was properly tried as a principal to these crimes under Florida Statutes § 777.011, are purely matters of state law. [] Rivera's Claim 3 alleged no federal or constitutional ground for overturning the sentence on his Count 2 conviction. Instead, Rivera relies solely on state-law grounds in challenging the state trial court's determination as to his sentence on Count 2 and reclassification under Florida law, and such issues are not the subject of federal habeas corpus review."). And since Petitioner's claim involves purely state law questions not cognizable on federal habeas review, his petition is due to be dismissed even despite Petitioner's conclusory attempts to characterize his claim as presenting a federal question in his complaint (*see* Doc. 7, at 9-10 & 11) and opposition to the Respondent's answer (Doc. 14, at 1 & 2). *See Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988) ("It is our opinion that the petition raises issues of state law only and, thus, must be dismissed. Although petitioner alleges violations of federal law, it is clear that his petition is based exclusively on state law issues which are merely 'couched in terms of equal protection and due process.'").

However, even assuming that Petitioner's claim is one which has been properly raised under 28 U.S.C. § 2254 as a federal constitutional claim, the undersigned agrees

with the Respondent that this Court is procedurally barred from reaching the merits of this claim due to Platt's failure to fully exhaust it in the state courts of Alabama. As the record establishes, Platt was admittedly serving a life sentence following his 1981 conviction for first-degree rape until his putative resentencing on June 25, 2009 to a term of 30 years based upon a *Kirby* and Ala.Code § 13A-5-9.1 request for sentence reconsideration. Therefore, the claim Platt raises in his habeas corpus petition regarding the expiration of this 30-year sentence (and the trial court's jurisdiction to set aside the June 25 order, etc.) could not have been raised by Petitioner until after the trial court denied Petitioner's request for relief (that is, denied his request for a sentence modification under *Kirby* and Ala.R.Crim.P. § 13A-5-9.1) on August 23, 2010. And there can be little question but that Platt raised this exact issue in his third Rule 32 petition filed in the Circuit Court of Mobile County, Alabama on March 26, 2017 (*see* Doc. 12, Exhibits E & F), and possibly in his second Rule 32 petition deemed filed in the Circuit Court of Mobile County, Alabama on June 14, 2012 (*see* Doc. 12, Exhibit F, at 4 ("This claim was previously raised in Platt's second Rule 32 petition and was adjudicated on the merits by the circuit court in the denial of that petition.")). Moreover, it is clear that Petitioner appealed the trial court's summary denial of both of these collateral petitions to the Alabama Court of Criminal Appeals (Doc. 12, Exhibits C & F); however, with respect to neither of these collateral petitions (the second or third Rule 32) did Platt seek rehearing in the Alabama Court of Criminal Appeals or discretionary review in the Alabama Supreme Court (*see id.,* Exhibits D & G).  In other words, by failing to petition the criminal appellate court for rehearing and then pursue review in the Alabama Supreme Court with respect to either his second or third Rule 32

petition, Platt did not fully exhaust his expiration of sentence/jurisdiction issue in the state

courts of Alabama, *compare Shapley, supra,* at *4 ("To challenge a conviction issued by

an Alabama state court, a petitioner must assert the [federal] claim on direct appeal or in

a Rule 32 proceeding, appeal any adverse ruling, seek rehearing in the Alabama Court of

Criminal Appeals, and file a petition for writ of certiorari in the Alabama Supreme Court.")

*with Smith, supra,* 256 F.3d at 1138 ("[I]n order to exhaust state remedies as to a federal

constitutional issue a petitioner is required to file a petition for discretionary review in the

state's highest court raising that issue, if discretionary review is part of the appellate

procedure in the state,[18] [*O'Sullivan v. Boerckel,* 526 U.S.] at 845-47, 119 S.Ct. at 1732-

34." (footnote added)), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982

(2002)), and since his ability to seek rehearing in the Alabama Court of Criminal Appeals

and certiorari review in the Alabama Supreme Court is (obviously) no longer available to

him, this claim has been procedurally defaulted by Platt, *see O'Sullivan, supra,* 526 U.S.

at 848-49, 119 S.Ct. at 1734. Accordingly, the merits of this claim can only be reached by

this Court if Platt establishes cause for the default and actual prejudice as a result of the

alleged violation of federal law or demonstrate that failure to consider the claim will result

in a fundamental miscarriage of justice. *See Coleman, supra*, 501 U.S. at 750, 111 S.Ct.

at 2565.

---

[18]    *See Pruitt v. Jones,* 348 F.3d 1355, 1359 (11th Cir. 2003) (recognizing that Alabama
court rules provide for discretionary review of Alabama Court of Criminal Appeals' decisions by the
Alabama Supreme Court and that the *Boerckel* rule requiring a prisoner to file a petition for
discretionary review in the state's highest court applies to the state collateral review process), *cert.
denied sub nom. Pruitt v. Hooks,* 543 U.S. 838, 125 S.Ct. 218, 160 L.Ed.2d 60 (2004).

Here, Platt makes no mention of either exception (that is, cause and prejudice of a fundamental miscarriage of justice) in his opposition (Doc. 14) and, therefore, this Court need not consider either exception to the procedural default doctrine. *See, e.g., Macklin v. Singletary*, 24 F.3d 1307, 1313 (11th Cir. 1994) (in abuse of the writ case, appellate court suggests that habeas courts need perform no analysis when the petitioner fails to argue an exception to application of the doctrine), *cert. denied*, 513 U.S. 1160, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995). Instead, Petitioner merely states that he appealed to the Alabama Supreme Court and cites as his "proof" in this regard Attachment "1" to the Respondent's answer. (*See* Doc. 14, at 1). Attachment "1" to the Respondent's answer was actually designated by the Respondent as "Exhibit A" and consists of the January 28, 2000 decision of the Alabama Court of Criminal Appeals affirming the Mobile County Circuit Court's summary dismissal of Petitioner's first Rule 32 petition, which collateral petition did not and could not raise the expiration of sentence claim raised herein (*see* Doc. 12, Exhibit A, at 1 (list of 5 claims, none of which are the expiration of sentence claim)) since that collateral petition was filed in 1999 and Petitioner was not purportedly "re-sentenced" to a term of 30 years until some ten years later on June 25, 2009. Accordingly, neither that attachment nor Respondent's second attachment, designated as Exhibit B, which consists of the Supreme Court's March 22, 2000 Order striking Platt's petition for writ of certiorari due to non-compliance with Ala.R.App.P. 39 (*see* Doc. 12, Exhibit B), could ever establish that Petitioner raised his expiration of sentence claim to the Alabama Supreme Court. Accordingly, this Court is procedurally barred from reaching the merits of Platt's expiration of sentence claim.

23

**D.** **Certificate of Appealability.** Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied on procedural grounds without reaching the merits of any ***constitutional claim***, such that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Petition's claim is not cognizable on federal habeas review because it raises only state law issues (and no question of a constitutional nature) and Petitioner has defaulted any constitutional claim he purports to state; thus, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Platt should be allowed to proceed further, *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Stated somewhat

24

differently, Petitioner has failed to demonstrate that reasonable jurists would find debatable that his claim is not procedurally defaulted or that he has stated a substantial denial of a constitutional right. Accordingly, petitioner is not entitled to a certificate of appealability as to any of the claims he has raised in his habeas corpus petition.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Ernest Franklin Platt's petition for writ of habeas corpus (Doc. 7), filed pursuant to 28 U.S.C. § 2254, be **DISMISSED/DENIED** because it does not state a claim for federal habeas corpus relief or, otherwise, because this Court is procedurally barred from reaching the merits of any constitutional claim

Petitioner arguably has asserted in his petition. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of August, 2019.

     s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**